UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORDANE ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> -v.- <br><br> JOHN DOES 1-5, <br><br> Defendants. | 21 Civ. 4538 (KPF) <br><br> **ORDER** |

KATHERINE POLK FAILLA, District Judge:

    Plaintiff commenced this action with the filing of its Complaint on May 20, 2021. ("Compl." (Dkt. #1)). The Court is now in receipt of Plaintiff's June 16, 2021 motion for leave to serve a third-party subpoena (Dkt. #3 ("Pl. Mem.")), and the supporting declaration and exhibits attached thereto (Dkt. #3-1 to 3-4). Plaintiff's motion seeks leave to serve a third-party subpoena on Amazon.com ("Amazon") in advance of a Federal Rule of Civil Procedure 26(f) conference. Defendants John Does 1-5 are alleged to maintain e-commerce stores on Amazon's retail platform. (*See generally* Compl.). Plaintiff now seeks to ascertain Defendants' names and identifying information from Amazon. (*See* Pl. Mem. 9).

    In cases involving John Doe defendants, courts in this District "routinely" find "good cause" for expedited discovery to determine the defendants' identities where a Plaintiff is able to make out a *prima facie* case and is otherwise unable to identify the defendants without a court-ordered subpoena. *See Strike 3 Holdings, LLC* v. *Doe,* No. 21 Civ. 3967 (AJN), 2021 WL 2138548, at *2 n.1 (S.D.N.Y. May 26, 2021) (collecting cases). In so doing,

courts apply a "flexible standard of reasonableness and good cause," *Digital Sin, Inc.* v. *Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash* v. *Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)), and consider five "principal factors" identified by the Second Circuit, *Strike 3 Holdings*, 2021 WL 2138548, at *2 (discussing *Arista Records, LLC* v. *Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)). Those factors include: (i) the plaintiff's ability to make out a *prima facie* showing of infringement; (ii) the specificity of the discovery request; (iii) the absence of alternative means to obtaining the information sought in the subpoena; (iv) the need for the information sought in order to advance the claim; and (v) the Defendant's expectation of privacy. *See Arista Records*, 604 F.3d at 119. In applying these factors, the Court concludes that Plaintiff is entitled to serve a third-party subpoena on an expedited basis.

*First*, Plaintiff has alleged a *prima facie* case of (i) tortious interference with prospective economic advantage; (ii) tortious interference with contractual and business relations; and (iii) false designation of origin pursuant to 15 U.S.C. § 1125(a). (*See* Compl. ¶¶ 28-45). *Second*, Plaintiff seeks the names and identifying information of the Defendants for the purpose of completing service upon them. (Pl. Mem. 9). Courts in this district have found similar requests sufficiently narrowly tailored. *See Strike 3 Holdings*, 2021 WL 2138548, at *2 ("Plaintiff seeks only the true name and permanent address of John Doe, a limited set of facts that courts within this district have considered highly specific in nature." (citation and internal quotation marks omitted)); *see also Malibu Media, LLC* v. *Doe No. 4*, No. 12 Civ. 2950 (JPO), 2012 WL

1

5987854, at *3 (S.D.N.Y. Nov. 30, 2012) ("Malibu's subpoena request is highly specific in nature; it seeks the name, current and permanent address, e-mail address, and Media Access Control (MAC) Address of each Doe defendant, attempting to obtain enough information to identify and serve the defendants."). *Third*, the Court is not aware of any other means by which Plaintiff could discover the Defendants' identities. Plaintiff has previously endeavored to identify the "bad actor" involved in the alleged conduct through its own forensic analysis, but later learned from Amazon that it had not identified the correct seller. (Pl. Mem. 13; *see also* Dkt. #3-3 at 1). While Amazon has confirmed that it identified the seller involved in the alleged conduct, it has refused to disclose the seller's identifying information. (*See* Dkt. #3-3 at 1, 3). *See Carlson Pet Prods., Inc.* v. *Does*, No. 19 Civ. 449 (MN) 2019 WL 1486914, at *1 (D. Del. Apr. 2, 2019) (granting request for leave to conduct early discovery where "there appears to be no other way of ascertaining the identities of these individuals without Plaintiff's proposed third-party subpoena on Amazon/Amazon.com"). *Fourth*, for the reasons previously mentioned, without granting Plaintiff's request, the defendants cannot be identified and served, and the litigation cannot proceed. *See Digital Sin*, 279 F.R.D. at 242; *see also Strike 3 Holdings*, 2021 WL 2138548, at *3 ("[A]bsent the ability to subpoena the [Internet Service Provider], the Plaintiff will be unable to identify and serve Defendant, effectively terminating the litigation."). And *lastly*, the Court concludes that any expectation of privacy by Defendants does not outweigh the other four factors, particularly in light of the

sizeable body of analogous cases in this District finding that John Doe defendants have only a minimal expectation of privacy in engaging in certain tortious conduct — specifically, the sharing of copyrighted material — even where the identification of the defendants may be the source of public embarrassment. *See, e.g.*, *Strike 3 Holdings*, 2021 WL 2138548, at *3; *Malibu Media, LLC* v. *John Does 1-11*, No. 12 Civ. 3810 (ER), 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013).

Accordingly, Plaintiff's motion for leave to file a third-party subpoena on Amazon in order to obtain Defendants' name(s); address(es); email address(es); and telephone number(s) is GRANTED.

It is ORDERED that Amazon shall have 60 days, from the date of service of the Rule 45 subpoena upon it, to serve upon Defendants a copy of the subpoena and a copy of this Order. Amazon may serve Defendants using any reasonable means.

It is further ORDERED that Defendants shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon them to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena). Amazon may not turn over Defendants' identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if either Defendants or Amazon file a motion to quash or modify the subpoena, Amazon may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing Amazon to resume in turning over the requested discovery.

It is further ORDERED that the subpoenaed entities shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further ORDERED that Amazon shall confer with Plaintiff, and shall not assess any charge in advance of providing the information requested in the subpoena. Should Amazon elect to charge for the costs of production, it shall provide Plaintiff with a billing summary and cost report.

It is further ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

The Clerk of the Court is directed to terminate the motion at docket entry 3.

SO ORDERED.

Dated: June 22, 2021
New York, New York

KATHERINE POLK FAILLA
United States District Judge